UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEX LEONARD AZEVEDO,

          Petitioner,

      v.

COLUSA COUNTY,

          Respondent.

No. 2:17-cv-0117 KJN P

ORDER

ALEX LEONARD AZEVEDO,

          Petitioner,

      v.

THE PEOPLE,

          Respondent.

No. 2:18-cv-2690 KJN P

ORDER

On January 27, 2017, the petition for writ of habeas corpus filed in case No. 2:17-cv-0117 KJN was dismissed without prejudice because the case was duplicative of his prior petition filed in No. 2:17-cv-0115 JAM GGH,[1] and because petitioner's state court proceedings were still pending, Younger v. Harris, 401 U.S. 37, 43-54 (1971). On January 25, 2019, petitioner's request

---

[1] In his case No. 2:17-cv-0115 JAM, the court also noted that petitioner's direct appeal was still pending, and dismissed the habeas action on May 30, 2017, based on petitioner's failure to exhaust state court remedies. Id. The dismissal was without prejudice to its renewal once petitioner exhausted his state court remedies.

1

to voluntarily dismiss case No. 18-cv-2690 KJN was granted, and the petition was dismissed without prejudice.

Therefore, both habeas actions are closed. Documents filed by petitioner since the closing date will be disregarded and no orders will issue in response to future filings. If petitioner wishes to challenge a state court conviction in federal court, he must file a new habeas action.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. Documents filed by petitioner since the closing date will be disregarded and no orders will issue in response to future filings; and

2. The Clerk of the Court is directed to send petitioner the forms for filing a petition for writ of habeas corpus and an application to proceed in forma pauperis by a prisoner.

Dated: December 3, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/azev0117.158

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).